UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BEAMIS                 :
                                        :
   v.                                  :       C.A. No. 08-472S
                                        :
BUFFALO PUMPS, INC.,      :
et al.                                :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff's Motion to Remand (Document No. 11) this asbestos case to state court. Defendant General Electric Company ("GE") opposes remand. (Document No. 13). On January 13, 2009, District Judge Smith referred Plaintiff's Motion to me for a report and recommendation. As Plaintiff has requested expedited consideration of his Motion (Document No. 12), a hearing was promptly scheduled and held on January 21, 2009. For the reasons outlined below, I recommend that Plaintiff's Motion to Remand be DENIED.

    **Background**

Plaintiff filed suit in Superior Court on October 6, 2008 against GE and four other defendants. Plaintiff alleges that he "contracted asbestos-related mesothelioma and/or other asbestos-related pathologies" due to exposure to the defendants' asbestos-related products. The Complaint in paragraph 5 alleges that Plaintiff "was exposed to various asbestos containing products beginning in the 1970's through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his work as a lagger and rigger at Portsmouth Naval Shipyard." The Complaint does not include any further detail as to the particular products in issue or Plaintiff's work history.

On November 5, 2008, Plaintiff served GE with discovery responses which included a

document identified in the discovery responses as an "exposure chart" and on the document itself as a "jobsite list." The chart contains a detailed chronology of Plaintiff's employment history from 1957 to the present. In the chart, Plaintiff indicates that he was exposed to asbestos-containing products while in the U.S. Army from 1966 to 1972 and while employed at the U.S. Naval Shipyard in Portsmouth, New Hampshire from 1975 to 1976 and 1984 to 1999. Plaintiff generally identifies the products in issue (boilers, insulation, pumps, turbines, etc.), the military bases where he served in the Army and over thirty nuclear submarines he worked on at the Naval Shipyard by name, hull code and number (e.g., USS Daniel Boone (SSBN-626)).

On December 3, 2008, GE removed Plaintiff's Complaint to this Court based on the so-called federal officer removal statute. In its Notice of Removal (paragraph 6), GE indicated that the "basis for removal of this action is that in the design, manufacture, and sale of turbines and other equipment for and to the U.S. Navy, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1)."

**Discussion**

Plaintiff challenges GE's removal on two grounds. First, Plaintiff argues that GE's removal was untimely. Second, Plaintiff argues that GE improperly removed his case to delay and frustrate his right to a trial on the merits.

    **A.**    **Timeliness**

Pursuant to 28 U.S.C. § 1446(b), a defendant must remove within thirty days after receiving the complaint. However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a [document] from which it may first be ascertained that the case is one which is or has become removable." Id.

GE did not remove within thirty days of receiving Plaintiff's Complaint. Thus, Plaintiff argues that GE's removal is untimely. GE counters that the Complaint was too vague to provide it with a good faith basis for removal and that it was not until GE received more detail in Plaintiff's discovery responses that it was able to ascertain that this case was removable under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.

"In determining whether the defendants had notice of the grounds for removal, courts look to information within the four corners of the pleadings." Hilbert v. McDonnel Douglas Corp., 529 F. Supp. 2d 187, 194 (D. Mass. Jan. 3, 2008) (citations omitted). "[A] plaintiff must provide sufficiently specific facts or allegations to allow the defendant reasonably to identify the contracts" supporting federal officer removal. Id. Thus, the operative issue is whether Plaintiff's Complaint (more specifically, paragraph 5) was sufficiently detailed to put GE on notice as to the grounds for federal officer removal and trigger the thirty-day removal clock. I conclude that it was not and that GE's Notice of Removal was timely.

It is clear that Plaintiff's discovery responses provided sufficient detail to trigger GE's removal clock. Those responses came thirty days after Plaintiff filed his Complaint, and GE removed twenty-eight days later. Plaintiff does not challenge the substantive grounds for federal officer removal under 28 U.S.C. § 1442(a)(1). He only argues that GE lost its right to remove by failing to do so within thirty days of its receipt of his Complaint, i.e., by November 5, 2008.

Plaintiff, as is his right under Rule 8(a), Fed. R. Civ. P., filed a Complaint containing "a short and plain statement" of his claim. He alleges generally in paragraph 5 of the Complaint that he was exposed to various asbestos-containing products of the five named defendants (including GE) beginning in the 1970s "including but not limited to exposure occurring through his work as a lagger

and rigger at Portsmouth Naval Shipyard." The Complaint does not specify the dates of Plaintiff's employment at the shipyard, the naval ships on which he worked or the specific GE products he alleges as the source of exposure. Tellingly, Plaintiff argues in his memorandum that "[g]iven the plaintiff's employment at a Navy shipyard, GE was well-positioned to ascertain the potential applicability of the federal officer theory." (Document No. 11-2 at pp. 7-8). The standard is not, however, whether a defendant is "well-positioned to ascertain" grounds for removal. See Contois v. Able Indus., Inc., 523 F. Supp. 2d 155, 158 (D. Conn. 2007) (complaint alleging asbestos exposure while serving in the U.S. Navy and later working as a private-sector engineer was not sufficient to trigger federal officer removal because "[i]t does not provide any information related to the ship(s) on which he served while in the Navy or as to the employer(s) he worked for as an electrical engineer [and] fails to indicate which products manufactured by which...defendants...caused [plaintiff] to be exposed to asbestos").

Rather, "a plaintiff must provide sufficiently specific facts or allegations to allow the defendant reasonably to identify the contracts through which the [federal officer] defense is being asserted." Hilbert, 529 F. Supp. 2d at 194; see also Green v. A.W. Chesterton Co., 366 F. Supp. 2d 149, 154 (D. Me. 2005) ("In order to assert sufficient facts to support a removal notice that is premised on the government contractor defense, [defendant] needed some information tending to establish that the [plaintiff's] exposure to asbestos related to a...product procured by the government pursuant to a contract that specifically called for the use of asbestos as a component."). Here, GE did not obtain sufficient facts until it received Plaintiff's detailed "exposure chart" on November 5, 2008 and thus its December 3, 2008 removal was timely.

Plaintiff cites Pantalone v. Aurora Pump Co., 576 F. Supp. 2d 325 (D. Conn. 2008), for the proposition that "[a] defendant who asserts that all of its equipment bound for Navy vessels is subject to federal officer removal cannot allege a lack of knowledge as to removability when it is being sued based on the products it delivered pursuant to its Navy contracts." (Document No. 11-2 at p. 3). Plaintiff's reliance on Pantalone is misplaced, as that case is highly fact specific and distinguishable. The removing defendant in Pantalone was a pump manufacturer and asserted that all of the pumps it supplied to the Navy were built to military specifications. While the removing defendant asserted that it also supplied pumps to private entities, it did not assert that it supplied other "off-the-shelf" or generic products to the Government. To the contrary, in this case, GE does assert that it sells "off-the-shelf" products, such as electric motors and light bulbs, to the Government which are not custom manufactured to specification and would not justify federal officer removal. GE based its removal on Plaintiff's discovery responses specifying the particular submarines on which he worked and its knowledge that many of those submarines were equipped with GE marine turbines custom manufactured for the Navy. Thus, Pantalone is factually distinct and not supportive of Plaintiff's Motion.

### B.     Delay and Frustration

Plaintiff alternatively argues that GE's removal is a "common tactic" intended to delay and frustrate his right to a state trial on the merits. He asserts that GE seeks to avail itself of the "'black hole' that is the federal Asbestos MDL." (Document No. 11-2 at p. 8).

Plaintiff is correct that GE is seeking to transfer this case to the MDL. GE promptly filed notice with the MDL as to the existence of this potential "tag-along" action on December 5, 2008. The MDL Panel issued an Order (CTO-318) on January 9, 2009 which conditionally transfers this

case (and several dozen others around the country) to the Asbestos Products Liability Litigation (MDL No. 875) pending in the Eastern District of Pennsylvania.

While the Court is not unsympathetic to the concerns identified by Plaintiff's counsel, these valid concerns are present in most, if not all, asbestos cases transferred to the MDL. Judge Smith previously addressed these concerns in <u>Kortekamp v. 3M Co., et al.</u>, C.A. No. 08-043S. In <u>Kortekamp</u>, the defendant (coincidentally also GE) removed to this Court under 28 U.S.C. § 1442(a)(1), and the plaintiffs moved for remand challenging both the timeliness of removal and the substantive basis for federal officer removal. <u>See</u> Document No. 5 in C.A. No. 08-043S. The plaintiffs also sought to stay the MDL's Conditional Transfer Order. Ultimately, by Order dated April 28, 2008, Judge Smith refused to stay transfer of the case to the MDL and "determined that the appropriate course of action is to leave the [remand] issue to the MDL Panel to be considered in connection with its determination of whether the case should be transferred to MDL No. 875." <u>See</u> Document No. 30 in C.A. No. 08-043S. Thus, Judge Smith did not rule on the pending motion to remand prior to transfer of the <u>Kortekamp</u> case to the MDL. <u>Id.</u>

In addition to Judge Smith's rejection of similar equitable arguments in <u>Kortekamp</u>, Plaintiff here has provided no legal support for his argument that the status or size of the MDL or GE's motive for removal provides independent legal grounds for remand. Thus, Plaintiff's second argument for remand is likewise rejected.

**Conclusion**

For the reasons stated herein, I recommend that Plaintiff's Motion to Remand (Document No. 11) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR

Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 26, 2009